the deed, when the consideration is set forth in the deed as moving solely from the latter, unless satisfactory evidence is offered exhibiting the portion which was really the property of each, and establishing the fact that the payment was made for some specific grant or distinct interest in the estate." *Cutter* v. *Tuttle, 4 C. E. Gr. 549 ; Shroser* v. *Isaacs, 1 Stew. Eq. 320.*

III. Delay in asserting the claim is an important consideration in determining whether there is a trust or not. *Midmer* v. *Midmer, 11 C. E. Gr. 299, 12 C. E. Gr. 548 ; Barnes* v. *Taylor, 12 C. E. Gr. 266.*

PER CURIAM.

This decree unanimously affirmed, for the reasons given by the Chancellor in *McKeown* v. *McKeown, 6 Stew. Eq. 384.*

---

HENRY LUERS et al., administrators &c., appellants,

*v.*

PETER BRUNJES et al., respondents.

———

*Mr. John Linn,* for appellants.

The cases of *Besson* v. *Eveland, 11 C. E. Gr. 468,* and *Post* v. *Stiger, 2 Stew. Eq. 554,* and *Clarke* v. *Rosencranz, 4 Stew. Eq. 665,* all admit that if a wife be a *bona fide* creditor of her husband he may secure her in the same manner that he may secure any other *bona fide* creditor.

A husband indebted to his wife may prefer her as his creditor. *Monroe* v. *May, 9 Kan. 473 ; Drury* v. *Briscoe, 42 Md. 155 ; Rowland* v. *Plummer, 50 Ala. 193 ; Woodworth* v. *Sweet, 44 Barb. 268, 51 N. Y. 8 ; McCartney* v. *Welch, 44 Barb. 271, 51 N. Y. 626 ; Wallingford* v. *Allen, 10 Peters 594 ; Babcock* v. *Eckler, 24 N. Y. 623 ; Schaffner* v. *Reuter, 37 Barb. 44 ;*

Heintze v. Bentley.

*Jaycox* v. *Caldwell, 51 N. Y. 395 ; Savage* v. *O'Neill, 44 N. Y. 298 ; 2 Story's Eq. Jur. § 1373.*

*Messrs. Collins & Corbin,* for respondents.

At common law, it was the rule that if a married woman authorized money settled to her separate use paid to her husband, or permitted him to receive her income, she could never recall it. *Caton* v. *Rideout, 1 Macn. & G. 601 ; Darnaby* v. *Darnaby, 14 Bush 345.*

Although the married women acts have introduced a new element into this class of cases, still the fact of the close relationship has always been reckoned of importance in determining whether the payment of money between husband and wife is to be regarded as a loan or a gift. *Steadman* v. *Wilbur, 7 R. I. 486 ; Paulk* v. *Cooke, 39 Conn. 571 ; Edelen* v. *Edelen, 11 Md. 420 ; Kuhn* v. *Stansfeld, 28 Md. 210 ; Humes* v. *Scruggs, 4 Otto 92 ; Annin* v. *Annin, 9 C. E. Gr. 189 ; Besson* v. *Eveland, 11 C. E. Gr. 471 ; Clarke* v. *Rosencranz, 4 Stew. Eq. 665.*

PER CURIAM.

This decree unanimously affirmed, for the reasons given by Vice-Chancellor Van Fleet in *Luers* v. *Brunjes, 7 Stew. Eq. 19.*

---

FERDINAND HEINTZE et al., appellants,

*v.*

RANSOM BENTLEY, respondent.

1. If a mortgage, given to secure a debt actually due, be drawn for a larger sum, with intent, on the part of both mortgagor and mortgagee, to delay, hinder or defraud the creditors of the mortgagor thereby, it will be adjudged void at the instance of those creditors, and will not be allowed to stand against them, even as security for the real debt.

2. A mortgage, drawn for $7,000, was accepted by the mortgagee as security for a real debt of $1,300, without any purpose on his part to delay, hinder or